# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 6, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID FOUCH,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1280** (BOR Appeal No. 2048553)
                      (Claim No. 2003049373)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MINGO LOGAN COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Fouch, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Offices of the Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 3, 2013, in which the Board reversed a July 2, 2013, Order of the Workers' Compensation Office of Judges and granted an additional 11% permanent partial disability award above the 7% already granted for a total of 18% permanent partial disability related to the April, 26, 2003, injury. In its Order, the Office of Judges reversed the claims administrator's January 19, 2012, decision to not grant any additional permanent partial disability award above the 7% already awarded for the April 6, 2003, injury and granted a 19% award for a total of 26% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fouch, and employee of Mingo Logan Coal Company, injured himself on April 26, 2003, when he got his hand caught in a roofbolter that twisted his hand. Mr. Fouch reported to the hospital the same day and was diagnosed with a fracture and laceration of the left hand. Thereafter, Mr. Fouch applied for workers' compensation benefits, and his claim was held compensable. Mr. Fouch then reported to Anbu K. Nadar, M.D., on September 9, 2004, for an evaluation of his left hand. Dr. Nadar recommended 3% impairment for the left middle finger and 2% for the left ring finger, and 2% for the left pinky finger for a total of 7% whole person impairment related to the April 26, 2003, left hand injury. On October 18, 2004, the claims administrator granted Mr. Fouch a 7% permanent partial disability award related to the hand injury. Mr. Fouch then had three different independent medical evaluations of his left hand. Victor Poletajev, D.C., recommended 29% upper extremity impairment for range of motion and sensory deficits of the left hand. Dr. Poletajev also recommended 20% upper extremity impairment for grip strength deficit of Mr. Fouch's left dominant hand. This yielded 43% upper extremity impairment. The 43% upper extremity impairment converted to 26% whole person impairment. In referencing his justification for the inclusion of grip strength as a component of his permanent impairment recommendation, Dr. Poletajev cited the American Medical Association's *Guides to the Evaluation of Permanent Impairment* 67 ex. 2 (4th ed. 1993). Jerry Scott, M.D., documented 8% hand impairment for the left middle finger and 5% hand impairment for the left ring finger. This combined for 13% hand impairment. The 13% hand impairment converted to 7% whole person impairment. Paul Bachwitt, M.D., recommended 30% upper extremity impairment of the left hand which converts to 18% whole person impairment. Dr. Bachwitt felt Dr. Poletajev's inclusion of grip strength was inappropriate under the American Medical Association's *Guides* because he did not show that there was no other way to rate Mr. Fouch's impairment. Dr. Bachwitt concluded that the ratings for finger motion and numbness are adequate for this claim.

The Office of Judges reversed the claim administrator and awarded 19% more permanent partial disability above the 7% previously granted for a total of a 26% permanent partial disability award in accordance with Dr. Poletajev's evaluation. The Office of Judges disregarded Dr. Scott's and Dr. Nadar's finding of 7% whole person impairment. The Office of Judges noted that Dr. Bachwitt and Dr. Poletajev found similar upper extremity impairment. It also noted that both Dr. Poletajev's and Dr. Bachwitt's measurements were taken after Dr. Scott's. Based upon the fact that that the evaluations of Dr. Bachwitt and Dr. Poletajev were consistent and more recent, the Office of Judges disregarded the reports of Dr. Scott and Dr. Nadar. The Office of Judges was then left with two differing reports. The main difference in their reports was that Dr. Poletajev also found impairment based upon a loss of grip strength, whereas Dr. Bachwitt did not. The Office of Judges cited to the American Medical Association's *Guides* at 64, which states "[i]n a rare case, if the examiner believes the patient's loss of strength represents an impairing factor that has not been considered adequately, the loss of strength may be rated separately." The Office of Judges noted that Dr. Poletajev, in his report, compared Mr. Fouch's injury to the hand crushing injury listed in the American Medical Association's *Guides* at 67. The Office of Judges determined that Mr. Fouch's injury was similar to this example.

2

Accordingly, the Office of Judges determined that loss of strength should be used to measure impairment in this case. The Office of Judges further supported their position with the evidentiary standard embodied in West Virginia Code § 23-4-1g(a) (2003), which requires, when a reasonable difference of opinion exists, that the resolution of the issue will be done in a manner that is most consistent with the claimant's position. As a result, the Office of Judges reversed the claims administrator and found an additional 19% permanent partial disability above the 7% permanent partial disability already awarded by the claims administrator for a total of 26% permanent partial disability related to the left hand injury.

The Board of Review reversed the Office of Judges and found that the claimant was only entitled to an additional 11% permanent partial disability beyond the 7% award already granted by the claims administrator for a total of 18% permanent partial disability. The Board of Review based this determination on the evaluation of Dr. Bachwitt. The Board of Review determined that the only physician to use the loss of grip strength model was Dr. Poletajev. The Board of Review referred to the American Medical Association's *Guides* and emphasized that grip strength impairment should only be used when there is no other way to measure impairment. It found that grip strength is largely subjective and difficult to measure. The Board of Review noted that Dr. Poletajev provided no explanation as to why he calculated Mr. Fouch's impairment with this rarely used technique or why it was required. Furthermore, Dr. Bachwitt opined that grip strength was unnecessary because impairment could be rated other ways. As a result the Board of Review reversed the Office of Judges and adopted Dr. Bachwitt's impairment recommendation.

We agree with the Board of Review. The Office of Judges was correct in rejecting the reports of Drs. Nadar and Dr. Scott. Dr. Bachwitt and Dr. Poletajev both measured Mr. Fouch's impairment more recently and both found consistent upper extremity impairment utilizing the range of motion model. Dr. Poletajev found additional impairment based upon his grip strength measurements. However, Dr. Poletajev provided no reason for using the grip strength model. Since Dr. Poletajev did not give any reason for using this calculation method and the American Medical Association's *Guides* suggest that it should rarely be used, his report is not as consistent with the American Medical Association's *Guides* as Dr. Bachwitt's report. As a result, the Board of Review was not in error to reverse the Office of Judges' Order and enter an award in accordance with the report of Dr. Bachwitt.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II